UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| In re:<br><br>Steven Keith Lynch and Sharon Lea Lynch,<br><br>Debtors. | Case No: 15-005452-dd<br>Chapter 13<br><br>**ORDER GRANTING RELIEF FROM AUTOMATIC STAY (11 U.S.C. § 362)** |

      This matter came before the Court on the motion for relief from the automatic stay filed by Headwaters Financial Corporation ("Movant"), on January 22, 2016. The Movant is seeking relief from the automatic stay pursuant to 11 U.S.C. Section 362(d), so that Movant can enforce its security interest and state law rights in the collateral securing its claim, specifically one 2000 Harley Davidson, Model FXDL, Vin#: 1HD1GDV19YY331650. The Debtors and the Trustee failed to file an objection to the motion. The Movant's basis for relief is that the property is not necessary for the reorganization, 11 U.S.C. § 362(d)(2)(B); the Debtors have no equity in the property, 11 U.S.C. § 362(d)(2)(A); and the Movant lacks adequate protection of its interest in the collateral, 11 U.S.C. § 362(d)(1). The Court finds that the Movant is entitled to the relief requested herein.

      **THEREFORE, IT IS ORDERED** that the automatic stay, pursuant to 11 U.S.C. Section 362(d) is modified to allow the Movant to enforce its security interest and state law rights in the collateral securing its claim, specifically one 2000 Harley Davidson, Model FXDL, Vin#: 1HD1GDV19YY331650. The Movant waives any claim arising under 11 U.S.C. §§ 503(b) or 507 (b), and that any funds realized from the disposition of the collateral, in excess of all liens, costs, and expenses, will be paid to the Trustee or bankruptcy estate.

      **IT IS FURTHER ORDERED** that the stay of this Order is hereby vacated pursuant to F.R.B.P. 4001(a)(3) to avoid further injury to the Movant.